**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| RICARDO CHINCHILLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20cv871–HEH |
| | ) | |
| JOHN E. WHITLEY, Acting Secretary | ) | |
| of the Army, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**
**(Granting Respondents' Motion to Dismiss)**

This matter comes before the Court on a Motion to Dismiss filed by Respondents

John E. Whitley,[1] Kathleen S. Miller, Christopher C. Miller, and the United States

("Respondents") on February 16, 2021. (ECF No. 18.)  Respondents seek to dismiss

Petitioner Ricardo Chinchilla's ("Petitioner") collateral attack of his conviction by a

general court-martial[2] of one specification (hereinafter "count") of sexual assault in

---

[1] Petitioner originally named The Honorable Ryan D. McCarthy, Secretary of the Army, as a Respondent in the Petition. (Pet., ECF No. 1.)  Since Petitioner filed the Petition, John E. Whitley succeeded Ryan D. McCarthy and is currently serving as Acting Secretary of the Army. (Resp'ts' Mem. Supp. 1, ECF No. 19; Pet'r's Reply 1, ECF No. 20.)  Federal Rule of Civil Procedure 25(d) provides that "when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending . . . [t]he officer's successor is automatically substituted as a party [and] [l]ater proceedings should be in the substituted party's name . . . ." "The court may order substitution at any time, but the absence of such an order does not affect the substitution." FED. R. CIV. P. 25(d).  Accordingly, this Memorandum Opinion names John E. Whitley as the correct party, and the Court will order that John E. Whitley be substituted for Ryan D. McCarthy.

[2] General courts-martial may be convened pursuant to the Uniform Code of Military Justice ("UCMJ"), Article 22, 10 U.S.C. § 822.  They "have jurisdiction to try . . . offense[s]" made punishable by the UCMJ. 10 U.S.C. § 818(a).  Petitioner here was convicted by a general court-

violation of Article 120 of the Uniform Code of Military Justice, 10 U.S.C. § 920

("UCMJ"). Petitioner filed a Petition for Declaratory Judgment and Writ of Mandamus

in this Court on November 12, 2020, asking this Court to grant him the following relief:

reverse, overturn, and vacate his conviction; remove him from Virginia's sex offender

registry; expunge his records; remove his DNA from law enforcement databases; return

him to active duty; and "restore all pay, rank, benefits, entitlements, and privileges as

have been unlawfully denied" as a result of his prosecution and conviction. (Pet. 38–39,

¶¶ 1–6, ECF No. 1.) The parties have filed memoranda supporting their respective

positions, and the matter is ripe for this Court's review. The Court will dispense with

oral argument because the facts and legal contentions are adequately presented in the

materials before it, and oral argument would not aid in the decisional process. *See* E.D.

Va. Local Civ. R. 7(J). For the reasons that follow, Respondents' Motion to Dismiss will

be granted.

## I.   BACKGROUND

On July 4, 2014, several soldiers, including Petitioner and Sergeant First Class

KM ("SFC KM"), celebrated Independence Day in Myrtle Beach, South Carolina.

*United States v. Chinchilla*, No. ARMY 20150266, 2017 WL 3601216, at *1 (A. Ct.

Crim. App. Aug. 18, 2017), *review denied*, 77 M.J. 119 (C.A.A.F. 2017). SFC KM

shared a hotel room with ten friends, both military and civilian. *Id.* The group spent the

---

martial panel consisting of commissioned and non-commissioned officers. *United States v.
Chinchilla*, No. ARMY 20150266, 2017 WL 3601216, at *1 (A. Ct. Crim. App. Aug. 18, 2017),
*review denied*, 77 M.J. 119 (C.A.A.F. 2017).

holiday drinking heavily. *Id.* Over the course of the evening, SFC KM consumed at least thirteen alcoholic drinks. *Id.* at *3. At the end of the evening, Petitioner accompanied the group back to their hotel. *Id.* at *5. Petitioner declined offers from members of the group to pay his cab fare to go to another hotel, electing instead to sleep on the floor of SFC KM's hotel room next to her bed. *Id.* After SFC KM fell asleep, Petitioner "climbed into SFC KM's bed and removed her clothing." *Id.* at *4. SFC KM initially did not awake, until "another soldier in the room spoke," at which point "SFC KM realized what was happening and immediately began screaming." *Id.* Petitioner fled, leaving SFC KM "crying and hyperventilating." *Id.* at *1. The next morning, SFC KM reported the assault to the Myrtle Beach Police Department and underwent a Sexual Assault Forensic Exam. *Id.* at *2.

Petitioner was subsequently tried in a general court-martial for sexual assault. *Id.* at *1. Petitioner claimed that, after everyone was asleep, SFC KM kicked him twice as he lay on the floor and that he responded, "[w]hat do you want? Do you want to hook up or something?" *Id.* at *2. Although the room was dark, he testified that he saw her give him "a look with a nod." *Id.* Petitioner stated that, in response, he told SFC KM to "scoot over," and said, "[h]ey, if you want to do this, you have to put me inside of you." *Id.* Notably, no one else in the hotel suite heard these statements. *Id.*

The court-martial panel (hereinafter "jury") convicted Petitioner of one count of sexual assault in violation of Article 120(b)(3), UCMJ, 10 U.S.C. § 920 (2012), which prohibits "sexual act[s] upon another person when the other person is incapable of consenting to the sexual act due to—(A) impairment by any drug, intoxicant, or other

similar substance, and that condition is known or reasonably should be known by the person." *Id.* He was sentenced to a dishonorable discharge, two years of confinement, and demotion to the rank of Private E1. *Id.* at *1. The jury acquitted Petitioner of two other counts of sexual assault arising out of the same incident. *Id.*

The United States Army Court of Criminal Appeals ("ACCA") affirmed Petitioner's conviction and sentence on August 18, 2017. *Chinchilla*, 2017 WL 3601216. The ACCA found that the evidence showed beyond a reasonable doubt that SFC KM remained asleep as Petitioner removed her clothes—which would have awoken "the sober sleeper"—and, therefore, she "was incapable of consenting to [Petitioner's] sexual act because of impairment by alcohol." *Id.* at *5. In a November 29, 2017 Order, the United States Court of Appeals for the Armed Forces ("CAAF") denied Petitioner's petition for grant of review. (Pet., Ex. 2.)

Petitioner asks this Court to now issue a declaratory judgment and a writ of mandamus, claiming that the military proceedings were constitutionally defective. He contends that the evidence was insufficient to support the jury's verdict and that the ACCA violated his Fifth Amendment right against double jeopardy by affirming his conviction "on a theory of which he was acquitted and on theories with which he was never charged." (*Id.* ¶¶ 47, 59–76.) Petitioner argues that the ACCA based its decision on the theory that SFC KM could not consent because she was asleep and not, as the jury concluded, because she was intoxicated. (*Id.* ¶¶ 48–49.) Additionally, Petitioner alleges that the military court erred in allowing a Sexual Assault Nurse Examiner ("SANE") to give "human lie detector testimony" and to testify as an expert. (*Id.* at ¶¶ 77–91.)

4

Finally, he brings an ineffective assistance of counsel claim, based upon the trial counsel's cross examination of the SANE and failure to question SFC KM about her past relationship with an eyewitness, which "would have severely damaged both her credibility and [the eyewitness's] credibility." (*Id.* ¶¶ 92–104.) Respondents argue that this Court cannot address any of Petitioner's claims because they were fully and fairly considered by the military courts.

## II.   STANDARD OF REVIEW

In their Motion, Respondents invoke Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) as grounds for dismissing Petitioner's claims. Civil courts have jurisdiction to consider a plaintiff's collateral attack of a court-martial conviction under certain limited circumstances. *Ward v. United States*, 982 F.3d 906, 912 (4th Cir. 2020) ("[T]he federal court possesses jurisdiction over the [habeas] petition but 'cannot review' claims 'fully and fairly reviewed' by the military courts." (quoting *United States v. Willenbring*, 178 F. App'x 223, 224–25 (4th Cir. 2006))); *Yongo v. United States*, No. 5:10CV220F, 2013 WL 2285341, at *6 (E.D.N.C. May 23, 2013) (finding civil courts have jurisdiction over non-habeas collateral attacks as well as habeas collateral attacks), *aff'd*, 540 F. App'x 237 (4th Cir. 2013) (mem.). Therefore, this Court finds that Rule 12(b)(6) guides its analysis here.

"In reviewing a motion to dismiss for failure to state a claim, [a court] must 'accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). A Rule

12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray*, 948 F.3d at 226 (alteration in original) (quoting *Tobey,* 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). The court, however, may "consider documents attached to the complaint" in addition to documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Fusaro v. Cogan*, 930 F.3d 241, 248

6

(4th Cir. 2019) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Courts may also take judicial notice of matters of public record such as court filings. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

## III. DISCUSSION

Civil courts cannot review claims that have been "fully and fairly" considered by the military justice system. *Burns v. Wilson*, 346 U.S. 137, 142 (1953). Typically, collateral attacks of military-court convictions are raised in civil courts in the form of habeas petitions. *See, e.g., id.* at 144 ("It is the limited function of the civil courts to determine whether the military have given fair consideration to . . . claims [raised in applications for habeas corpus]."); *Ward*, 982 F.3d at 912 (finding that civil courts cannot review claims in habeas petitions that were fully and fairly considered by the military courts); *Willenbring*, 178 F. App'x at 224 (affirming the district court's dismissal of the petitioner's non-jurisdictional habeas claims that were fully and fairly considered by the military courts). The United States Court of Appeals for the Fourth Circuit has yet to enunciate the exact standard governing collateral attacks of court-martial convictions. However, district courts in the Fourth Circuit have relied upon the Tenth Circuit's jurisprudence in this arena. *See, e.g., Anderson v. Bolster*, No. 1:19CV75, 2020 WL 5097516, at *4 (E.D. Va. Aug. 27, 2020) ("The Fourth Circuit has not implemented a definitive framework, but district courts within the circuit have near universally adopted the Tenth Circuit's [full and fair consideration] approach."); *Grafmuller v. Wegner*, No. 2:13CV50, 2013 WL 4808881, at *7 (E.D. Va. Aug. 9, 2013) ("District courts within the Fourth Circuit . . . have adopted the Tenth Circuit's approach to analyzing 'full and fair

consideration.'") (internal citations omitted). Because the United States Disciplinary

Barracks are located at Fort Leavenworth, Kansas, within the Tenth Circuit's jurisdiction,

the Tenth Circuit has extensively analyzed and reviewed these issues. *See Anderson*,

2020 WL 5097516, at \*4 n.4; *Grafmuller*, 2013 WL 4808881, at \*6. Furthermore, the

Fourth Circuit has affirmed at least one district court's application of the Tenth Circuit's

full and fair consideration test to a non-habeas collateral attack of a court-martial. *Yongo*,

2013 WL 2285341, at \*6 (finding that the plaintiff failed to state a claim because the non-

habeas issues raised were fully and fairly considered by the military courts). This Court

will therefore follow the Fourth Circuit's guidance and its fellow district courts and apply

the Tenth Circuit's analysis.

The Tenth Circuit considers four factors in determining the validity of a collateral

challenge to a court-martial:

> (1) the asserted error is of substantial constitutional dimension; (2) the issue
> is one of law rather than of disputed fact already determined by the military
> tribunal; (3) there are no military considerations that warrant different
> treatment of constitutional claims; and (4) the military courts failed to give
> adequate consideration to the issues involved or failed to apply proper legal
> standards.

*Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

The fourth factor, full and fair consideration, is "the most important." *Thomas v. U.S.*

*Disciplinary Barracks*, 625 F.3d 667, 670–71 (10th Cir. 2010). Civil courts afford

military court decisions "significant deference," and petitioners have an "onerous"

burden in proving that a claim did not receive full and fair consideration in the military

courts. *Anderson*, 2020 WL 5097516, at \*5. "An issue has been given full and fair

8

consideration when it has been briefed and argued at the military court, even if that court summarily disposed of the issue." *Faison v. Belcher*, 496 F. App'x 890, 891 (10th Cir. 2012). In some circumstances, "even less may be required." *Grafmuller*, 2013 WL 4808881, at *7 (finding that military courts fully and fairly considered claims despite summary denials); *see also Thomas*, 625 F.3d at 671 (finding that the ACCA fully and fairly considered claims although it did not hear oral argument and did not explain its reasoning in dismissing the claims).

The military courts have undoubtedly afforded Petitioner's claims full and fair consideration. In Count One, Petitioner claims that the ACCA violated his Fifth Amendment right against double jeopardy by "affirming Petitioner's conviction on a theory of which he was acquitted and on theories with which he was never charged." (Pet. ¶ 47.) The Government charged Petitioner under three provisions of the UCMJ sexual assault statute. *Chinchilla*, 2017 WL 3601216, at *4. The jury "found [Petitioner] guilty of a sexual act upon SFC KM when she was incapable of consenting due to impairment by an intoxicant, but not guilty of committing a sexual act upon SFC [KM] while she was asleep." *Id.* Petitioner argues that the ACCA thereafter impermissibly upheld his conviction by relying upon legal theories including that SFC KM was incapacitated by sleep, was unaware, and was "passed out." (Pet. ¶ 49.)

As Count One collaterally challenges the ACCA's decision, Petitioner raised this claim for the first time in his appeal to the CAAF. Though only one appellate court had an opportunity to consider this claim, review at one level may be sufficient to constitute full and fair consideration. *See Grafmuller*, 2013 WL 4808881, at *13. In his first

9

presented issue to the CAAF, Petitioner briefed arguments identical to Count One, devoting four pages to his claim that the ACCA violated his right against double jeopardy by affirming Petitioner's conviction "based on [a] theory of which he was acquitted at trial." (Resp'ts' Mem. Supp., Ex. 1 at 10–14, ECF No. 19-1.) The CAAF did not hear oral argument and denied his appeal after "consideration of the petition for grant of review." (Pet., Ex. 2.) In reviewing and denying Petitioner's extensively-briefed claims, the CAAF fully and fairly considered these arguments. *See, e.g.*, *Thomas*, 625 F.3d at 671. Accordingly, this Court cannot now question the judgment of the military courts or review Plaintiff's claims raised in Count One.

This Court is unable to review Petitioner's claims in Counts Two, Three, and Four for the same reasons. In Count Two, Petitioner argues that the evidence was legally and factually insufficient to support the jury's verdict. (Pet. ¶¶ 59–76.) Petitioner raised sufficiency claims before both the ACCA and the CAAF. In his third assignment of error to the ACCA, Petitioner argued that the "evidence was factually and legally insufficient" to support his guilty verdict. (Resp'ts' Mem. Supp., Ex. 2 at 26–32 (altered capitalization).) Both before the ACCA and here, Petitioner argues that SFC KM was capable of consenting, and in fact did consent, to sexual intercourse. (*Id.*; Pet. ¶¶ 59–76.) Of the three assignments of error Petitioner brought before the ACCA, sufficiency is the only claim the ACCA deemed worthy of discussion. *Chinchilla*, 2017 WL 3601216, at *1–2. The ACCA devoted its eight-page Memorandum Opinion to this issue, and found that "the evidence is legally sufficient for a rational factfinder to find beyond a reasonable doubt that [Petitioner] committed the charged offense." *Id.* The ACCA focused its

discussion on legal sufficiency, but "also [found] the evidence to be factually sufficient." *Id.* at *2.

The ACCA's review alone constitutes full and fair consideration, but Petitioner once again raised his sufficiency claims to the CAAF. (Resp'ts' Mem. Supp., Ex. 1 at 14–22.) Petitioner also argues in Count Two that the jury was not properly instructed by the military court regarding consent and incapacity. (Pet. ¶¶ 68–76.) Though he did not bring this specific point before the ACCA, Petitioner briefed it to the CAAF. (Resp'ts' Mem. Supp., Ex. 1 at 18–22.) The military courts thus fully and fairly considered all of Petitioner's claims in Count Two.

In Count Three, Petitioner states that the military court-martial judge improperly allowed expert testimony from the SANE, a fact witness who examined SFC KM. (Pet. ¶¶ 77–91.) The military appellate courts at both levels summarily denied these claims. *Chinchilla*, 2017 WL 3601216, at *1; Pet., Ex. 2. Petitioner admits that he fully briefed this issue to the military appellate courts—even filing in those courts an affidavit of a SANE examiner in support of his arguments. (Pet. ¶ 90.) Contrary to Petitioner's assertion, the military courts' summary dismissal of this argument does not allow him to collaterally attack their judgment in a civil court. *See, e.g., Thomas*, 625 F.3d at 671. His claim in Count Three was fully and fairly reviewed by two military appellate courts, precluding collateral consideration.

Finally, in Count Four Petitioner raises ineffective assistance of counsel claims. He again admits that this issue was fully briefed before the ACCA and CAAF. (Pet. ¶ 92.) Petitioner attempts to overcome the military courts' consideration by contesting the

11

summary denial of these claims and by arguing that because he submitted his ineffective assistance of counsel claims pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), "he did not have the legal knowledge to fully brief or argue this issue." (*Id.*) The military appellate courts fully and fairly considered Petitioner's ineffective assistance of counsel claims. Petitioner extensively briefed these arguments, and both appellate courts considered his claims before determining that they did not merit discussion. *Chinchilla*, 2017 WL 3601216, at *1 n.2; Pet., Ex. 2. Further, this Court is not persuaded by Petitioner's assertion that the military appellate courts' review was somehow clouded because he raised this issue pursuant to *Grostefon*. As an initial matter, *Grostefon* provides a vehicle for a military defendant to submit issues on appeal even if his attorney does not believe they have merit. 12 M.J. 431, 435–36 (1982). Whether a claim is brought pursuant to *Grostefon* has no bearing on the full and fair consideration test. *See Squire v. Ledwith*, 674 F. App'x 823, 828–29 (10th Cir. 2017) (upholding the district court's conclusion that the ACCA fully and fairly considered *Grostefon* claims despite summary rejection). The military appellate courts afforded Count Four full and fair consideration, and this Court cannot collaterally review this claim.

Even looking past the military appellate courts' full and fair consideration of Petitioner's claims, he fails to allege any issue of legal or constitutional dimension necessitating collateral review. Although Petitioner characterizes his claims as having constitutional dimension, the alleged errors substantively challenge the military courts' factual findings and evidentiary rulings. This Court is in no position and is unable to question the military courts' determination of these issues.

12

### III.   CONCLUSION

Finding that the military courts fully and fairly considered all of the claims alleged in the Petition, this Court cannot collaterally review Petitioner's conviction.  Thus, the Court will grant Respondents' Motion to Dismiss.

An appropriate Order will accompany this Memorandum Opinion.

                                        /s/
                                   _____
                                   Henry E. Hudson
                                   Senior United States District Judge

Date: May 5, 2023
Richmond, Virginia